IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-CV-77-JG

CAROL DIXON,  )
 )
        Plaintiff, )
 )
v.  )
 )  **DECISION AND ORDER**
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
        Defendant. )

This case comes before the court[1] on the motion of plaintiff Carol Dixon for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (DE #51). Plaintiff seeks $14,624.72 in fees and costs for the work of her counsel and her counsel's staff in the instant appeal. The Commissioner of Social Security ("Commissioner") filed a response challenging both the total award request as excessive and the hourly rate as improper. (DE #52). Plaintiff subsequently filed a supplemental EAJA motion for fees and costs of her counsel and counsel's staff on a reply brief (DE #54), seeking an additional $3,193.53 in fees and costs (DE #55). Cumulatively, plaintiff seeks a total award of $17,818.25. For the reasons set forth below, plaintiff's motion is granted in part and denied in part, and the court will award plaintiff's fees and costs totaling $6,415.00.

## I. BACKGROUND

In the underlying litigation, plaintiff challenged the final decision of the Commissioner denying her application for a period of disability and disability insurance benefits ("DIB") on the

---

[1] The parties have consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court grants plaintiff's motion for extension of time to file a reply (DE #53).

grounds that plaintiff is not disabled. Plaintiff filed an application for DIB on 15 February 2002, alleging a disability onset date of 1 February 2002, due to back problems. The application was denied initially and again upon reconsideration, and a request for hearing was timely filed. On 12 January 2004, a hearing was held before an Administrative Law Judge ("ALJ"). In a written decision dated 4 March 2004, the ALJ found that plaintiff was not disabled and therefore not entitled to DIB. Plaintiff then requested review by the Appeals Council and submitted one additional exhibit. The Appeals Council considered the additional evidence and denied the request for review on 6 December 2005. On 3 February 2006, plaintiff commenced the underlying proceeding for judicial review pursuant to 42 U.S.C. § 405(g).

In its decision and order entered 13 September 2007 ("Decision & Order" (DE #49)), the court granted plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for proper application and documentation of the special technique for mental impairments pursuant to sentence four of 42 U.S.C. § 405(g). The court found that there was medical evidence in the record establishing that plaintiff had a colorable claim for mental impairments based on depression and anxiety, that application of the special technique for mental impairments and documentation thereof was required, and that the ALJ failed to carry out such application or documentation. Plaintiff filed the instant motion on 11 October 2007, within 30 days after entry of the court's ruling, as required by 28 U.S.C. § 2412(d)(1)(B).

## II. DISCUSSION

### A. Overview of the Equal Access to Justice Act

Under the EAJA, a private litigant, as a prevailing party against the United States, is presumptively entitled to attorney's fees and costs unless the position of the United States was

2

substantially justified or special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *accord Hyatt v. Barnhart*, 315 F.3d 239, 244 (4th Cir. 2002). The relevant portion of the EAJA reads:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA's applicability to social security appeals before the district court is well established. *See Guthrie v. Schweiker*, 718 F.2d 104, 107 (4th Cir. 1988).

A litigant who is an individual is deemed a "party" under the EAJA if, subject to qualifications not relevant here, his net worth did not exceed $2 million at the time the proceeding in issue was filed. 28 U.S.C. § 2412(d)(2)(B). Litigants are considered "prevailing parties" under the EAJA "'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Rhoten v. Bowen*, 854 F.2d 667, 669 (4th Cir. 1988) (citing *Hyatt v. Heckler*, 807 F.2d 376, 382 (4th Cir. 1986). In social security appellate litigation, a party obtaining "a sentence four remand order [pursuant to § 405]" from a denial of benefits satisfies the prevailing party threshold. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Once a party establishes prevailing party status, the burden shifts to the Commissioner to demonstrate that his position in the underlying litigation was substantially justified. *Wilson v. Barnhart*, No. 1:06cv62, 2006 U.S. Dist. LEXIS 86246, at *2 (W.D. Va. 30 Nov. 2006); *Purcell v. Barnhart*, No. 505-30, 2006 U.S. Dist. LEXIS 53701, at *3 (W.D. Va. 3 Aug. 2006). The Commissioner does not carry the entire weight of this burden because the district court retains

3

discretion to find sua sponte "that the record before it demonstrates that substantial justification exists for a litigation position." *Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir. 1986). The substantial justification framework examines "from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993). This standard therefore evaluates the Commissioner's action to establish whether it had a reasonable basis in both law and fact, allowing for the conclusion that a "genuine dispute" exists between the parties. *Pierce v. Underwood*, 487 U.S. 552, 565 (1987).

### B.   Plaintiff's Entitlement to Fees and Costs

Applying the foregoing principles to this case, the court finds that plaintiff is a "party" under the EAJA, having a net worth of less than $2 million when this proceeding was commenced.[2] The court further finds plaintiff to be a "prevailing party" under the EAJA. She obtained a sentence four remand for proper application and documentation of the special technique for mental impairments. (*See* Decision & Order, pp. 11, 19).

Turning to the substantial justification issue, the Commissioner contends that his position in the litigation was substantially justified because the ALJ did consider plaintiff's mental impairments and found them to be not severe. The court disagrees. The Commissioner's position in the underlying litigation was not substantially justified in light of the ALJ's failure to follow the Commissioner's own regulations concerning application and documentation of the special technique for mental impairments. *Hudson v. Sec'y of Health & Human Servs.*, 839 F.2d 1453, 1457 (11th Cir.

---

[2] Plaintiff did not submit, or otherwise represent in her motion, evidence that her net worth did not exceed $2 million. The court, in its discretion, finds that plaintiff has satisfied this requirement through her initial application to proceed in forma pauperis (DE #2) which was granted by this court (DE #3).

4

1988) (holding that substantial justification cannot be supported by an agency's failure to follow its own regulations); 20 C.F.R. § 404.1520a (establishing requirements for special technique for mental impairments). Likewise, the court finds no special circumstances or equitable issues that preclude an award of attorney's fees in this matter. *McKay v. Barnhart*, 327 F. Supp.2d 263, 267 (S.D.N.Y. 2004).

### C. Amount of Fees and Costs

#### 1. Compensable Hours

In her original motion, plaintiff seeks 57.30 hours of attorney time and 59.20 hours of combined legal assistant, paralegal, and law clerk time (collectively referred to as "paralegal work")[3] for her counsel's work in the underlying litigation and preparation of the EAJA motion.[4] (DE #51-2). In plaintiff's supplemental EAJA motion, she seeks an additional 18.40 hours of attorney time and 1.50 hours of paralegal time in preparation of a reply brief. (DE #55-2). Cumulatively, plaintiff seeks to recover 75.70 hours of attorney time and 60.70 hours of paralegal time. The Commissioner argues that plaintiff has recorded excessive time in this litigation and inadequately documented her entries, and is therefore entitled to less compensation than submitted. The court agrees with the Commissioner on both grounds.

As a prevailing party, plaintiff "bears the burden of establishing that the number of hours for which she seeks reimbursement is reasonable and does not include any claim for hours which are

---

[3] Fees for services rendered by paralegals, including law clerks (*i.e.*, a law student or law school graduate not admitted to the bar), are compensable under the EAJA. *See Hyatt v. Heckler*, 618 F. Supp. 227, 233 (W.D.N.C. 1985).

[4] An application to recover fees pursuant to the EAJA can properly include time spent on preparing and defending the EAJA motion. *Comm'r v. Jean*, 496 U.S. 154, 162 (1990); *accord Trichilo v. Sec. of Health & Human Servs.*, 823 F.2d 702, 707 (2d Cir. 1987) (holding that "it would be ironic if claiming those very fees [under the EAJA]—which would have been unnecessary if not for the governmental action—was the one act for which a claimant could not receive compensation").

5

excessive, redundant, or otherwise unnecessary." *Freeman v. Potter*, No. 7:04cv276, 2006 U.S. Dist. LEXIS 65329, *7 (E.D. Va. 13 Sep. 2006). The district court has "'substantial discretion in fixing the amount of an EAJA award' . . . but is charged with the duty to ensure that the final award is reasonable." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). An important factor the court must consider in determining a reasonable fee award is "[t]he extent of a plaintiff's success." *Id.* In an EAJA application, successful claims are distinguished from those that are unsuccessful, and the latter "'excluded in considering the amount of a reasonable fee.'" *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1982)). When a plaintiff has only "achieved partial success, even when all claims raised were interrelated, non-frivolous, and raised in good faith, the product of calculating the reasonable number of hours expended . . . may result in an excessive award." *Freeman*, 2006 U.S. Dist. LEXIS 65329, at *14. When a reduction is warranted, "the court may simply reduce the award to account for the plaintiff's limited success." *Id.*

Other relevant factors include the novelty and complexity of the issues presented, and the experience and skill of the attorney. *See Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C. 1986). In addition, one court has noted that in social security appellate litigation "compensated hours generally range from twenty to forty hours." *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987); *see also Hutchison v. Chater*, No. 95-4084-SAC, 1996 U.S. Dist. LEXIS 17884, at *10 (D. Kan. 31 Oct. 1996) (holding that the "typical EAJA fee application in social security cases claims between thirty and forty hours").[5]

---

[5] The court has considered the other factors referenced in *Bunn*, 637 F. Supp. at 469 (*citing Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974), but has limited its discussion to those most salient on the particular facts of this case.

Applying these considerations here, the court finds that plaintiff has not met her burden of showing that 75.70 hours of attorney time and 60.70 hours of paralegal time are reasonable in this litigation. Time sheets accompanying both motions (DE #51-2, 55-2) fail to itemize time entries by task, but instead lump multiple tasks together. This block billing precludes the court from determining that all of the amounts claimed by plaintiff are both compensable and reasonable.

In addition, plaintiff achieved only limited success on the merits. As discussed, the principal basis underpinning the remand order was the court's sua sponte finding that the ALJ failed to apply the special technique for mental impairments as required. While the court acknowledges that plaintiff did raise an issue with the ALJ's handling of her mental impairments (*i.e.*, the ALJ's alleged erroneous failure to find depression and anxiety to be severe impairments), she advanced no argument on the decisive special technique issue. Moreover, the court did not remand on the basis of the six other grounds advanced by plaintiff for reversal of the ALJ's decision. (*See* Decision & Order, pp. 8, 11-19). In addition, the litigation did not present novel issues of law and plaintiff's counsel is an experienced social security litigator.[6]

Based on the relevant factors, a significant reduction of the fees claimed is in order. The court shall reduce the 75.70 hours of attorney time claimed to 25.23 hours and the 60.70 hours of paralegal time to 30.35.[7] *See Kopunec v. Nelson*, 801 F.2d 1226, 1229-30 (10th Cir. 1986) (holding that the district court "may be considered an expert in setting legal fees" under the EAJA).

---

[6] Plaintiff's counsel of record, Cynthia M. Currin, is board-certified by the North Carolina State Bar in social security disability law.

[7] The court, in its discretion, has reduced counsel's time to one-third of that requested and will accordingly use that formula in determining the amount billed in each calender year for the purposes of applying the appropriate hourly rate. Paralegal time is reduced to one-half of the amount claimed. Counsel and her staff together will be compensated for 55.57 hours of time.

7

## 2. Hourly Rates

The remaining step is to establish the appropriate rates for counsel and the paralegal. Plaintiff requested attorney compensation at the rate of $166.92 an hour, which purportedly reflects a statutorily allowable adjustment for cost of living.[8] 28 U.S.C. § 2412(d)(1)(D)(2)(A). In support of the $166.92 an hour rate, plaintiff uses the U.S. Department of Labor's Consumer Price Index ("CPI") for "All Urban Consumers" as the basis for the inflationary increase. The court disagrees with plaintiff's inflationary calculation on two separate grounds.

First, the court cannot use a single rate—as advanced by plaintiff—for time entries such as hers (DE #51-2, 55-2) spanning multiple years. *See Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994). Instead, "fees incurred in a particular year must be indexed using the cost of living multiplier to that year, and so on for each year in which fees were incurred." *Id.*

Second, plaintiff has utilized an improper CPI. While plaintiff was correct in looking to a CPI developed by the U.S. Department of Labor,[9] she incorrectly relies on the CPI (All Urban Consumers), which is used to measure inflation nationally, rather than the CPI (South Urban Area),

---

[8] Attorney's fees under the EAJA are capped at $125 per hour unless the court determines that an "increase in the cost of living or special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(1)(D)(2)(A). Contrary to plaintiff's assertion in her motion (Pl. Mot., p. 2), the cost of living adjustment is wholly discretionary. *Accord Payne v. Sullivan*, 977 F.2d 900, 904 n. 2 (4th Cir. 1992).

[9] The Fourth Circuit has held that an increase in the statutorily prescribed rate for attorney's fees should be based upon a general cost of living index. *Sullivan v. Sullivan*, 958 F.2d 574, 578 (4th Cir. 1992). Courts interpreting the *Sullivan* decision have settled on the U.S. Department of Labor's CPI as the proper measure to incorporate a cost of living adjustment in EAJA cases. *Adams v. Barnhart*, No. 04-22869, 2006 U.S. Dist. LEXIS 92102, at *9 (D.S.C. 25 July 2006) (using the CPI for "all items" under "South Urban Area"); *Hines v. Comm'r of Soc. Sec.*, 450 F. Supp. 2d 628, 631 (E.D. Va. 2006); *Harris v. Sec'y, Dep't of Health & Human Servs.*, 792 F. Supp. 1014, 1017 (E.D. Va. 1991).

8

which is used to measure the cost of living adjustment for North Carolina.[10] *Adams*, 2006 U.S. Dist. LEXIS 92102, at *9.

The cost of living adjustment will be calculated from March 1996, the date the EAJA was amended to reflect the current hourly rate of $125.00. *See Harris*, 792 F. Supp. at 1016-17. In March 1996, the CPI was 152.4 ("Basis"). Plaintiff's motion identifies time entries in calendar years 2006 and 2007. To determine the hourly rate for each of these years, the court uses the following formula:

Annual Year CPI ÷ Basis = Multiplier × $125.00 = Hourly Rate for Year

*See Harris*, 792 F. Supp. at 1018. The hourly rate for each of those years will be:

2006: 194.7 ÷ 152.4 = 1.2775 × $125.00 = $159.69
2007: 200.4 ÷ 152.4 = 1.3149 × $125.00 = $164.36

Applying the hourly rate to the number of hours in each year[11] yields the following total of $4,115.85 in attorney's fees:

2006:  6.63 hours × $159.69/hr. =   $1,058.75
2007: 18.60 hours × $164.36/hr. = + $3,057.10
            Total Attorney's Fees =    $4,115.85

As for the paralegal rate, courts traditionally use the prevailing market rate for such services. *Wilson*, 2006 U.S. Dist. LEXIS 86246, at *6-7 (finding $75 an hour as "fair compensation under the circumstances"); *Freeman*, 2006 U.S. Dist. LEXIS 65329, at *10-11 (holding that the "court must consider the prevailing market rate in the relevant community;" the government not objecting to the

---

[10] The CPI (South Urban Area) includes North Carolina within its geographic scope and is available at http://www.bls.gov/cpi/home.htm (follow "Regional Resources: South urban" hyperlink; then follow "From: 1996 To: 2007 GO" hyperlink).

[11] Plaintiff submitted 19.90 hours in 2006, which was reduced to 6.63 hours, and 55.80 hours in 2007, which was reduced to 18.60 hours (6.63 + 18.60 = 25.23 total hours).

9

requested paralegal rate of $65 an hour); *see also Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 974 (D.C. Cir. 2004) (reducing a law clerk's hourly rate by twenty-five percent because of plaintiff's "failure to justify those rates"). Plaintiff requests $80.00 an hour for paralegal work without providing any justification for this rate. The court, in its discretion, awards plaintiff $65.00 an hour for paralegal work without a yearly inflationary increase. Applying this hourly rate to the number of hours of paralegal work found by the court to be reasonable yields a total of $1,972.75 in paralegal fees:

2006-2007: 30.35 hours × $65/hr. = $1,972.75

The court also allows costs of $326.40 (DE #51-2, 55-2), for a total award of $6,415.00 ($4,115.85 + $1,972.75 + $326.40).

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion is GRANTED in PART and DENIED in PART and plaintiff is awarded $6,088.60 in fees and $326.40 in costs for a total of $6,415.00. Because plaintiff has not consented to direct payment of this fee award to her counsel of record, Cynthia M. Currin, the Commissioner is ORDERED to mail payment, made payable to plaintiff, to her counsel of record.

SO ORDERED, this, 8th day of February, 2008.

James E. Gates
United States Magistrate Judge